Angela Marie JUNEMANN, Appellant,

v.

HARRIS COUNTY and Linnard Crouch, Appellees.

No. 01–01–00817–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 3, 2002.

Rehearing Overruled Sept. 6, 2002.

Lance Olinde, Jr., Olinde & Iglesias, P.C., Houston, for Appellant.

Frank E. Sanders, Assistant County Attorney, Teresa A. Carver, Lorance & Thompson, P.C., Houston, for Appellees.

Panel consists of Justices MIRABAL, TAFT and PRICE.*

## OPINION

TIM TAFT, Justice.

Appellant, Angela Marie Junemann, challenges a summary judgment rendered in favor of appellees, Harris County and Linnard Crouch. We address whether Harris County and Crouch established that they are entitled to sovereign and official immunity. We reverse.

## Facts

On March 28, 1999, at 3:00 a.m., Crouch, an off-duty Harris County deputy constable, was returning home after completing his patrol of a subdivision in Houston. It was raining, and, as he passed over a crest in the highway, he observed a vehicle was stopped and turned sideways in his lane of traffic. Crouch stopped his patrol car behind the vehicle. Crouch claims he activated his overhead emergency lights and an aerial stick.[1]

Elizabeth Smith was driving on the highway that night, and, as she approached the stopped vehicles, two cars in front of her swerved to the left and right to avoid Crouch's patrol car. Smith slammed on her brakes, but collided with Crouch's patrol car. Two more vehicles collided with Smith's vehicle before Junemann's vehicle was involved in a separate seven-car accident several yards away. Junemann suffered a head injury and multiple fractures. All of the drivers involved in the crashes testified that Crouch had his hazard lights activated, but did not have his overhead emergency lights activated. No witness observed an aerial stick.

Junemann sued Harris County, Crouch, and several other individuals involved in the accident. Junemann alleged, in relevant part, that Crouch was negligent for failing to activate his overhead emergency lights. Crouch filed a motion for summary judgment based on official immunity, and Harris County filed a plea to the jurisdiction. The trial court granted Crouch's motion for summary judgment and Harris County's plea to the jurisdiction.

## Standard of Review

In reviewing a rendition of summary judgment under Rule 166a (c), we assume all evidence favorable to the nonmovant is true. TEX.R. CIV. P. 166a (c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). We indulge every reasonable inference and resolve any reasonable doubt in favor of the nonmovant. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). A defendant may obtain summary judgment by conclusively establishing all elements of an affirmative defense, such as immunity, as a matter of law. *Ramos v. Texas Dep't. of Pub. Safety*, 35 S.W.3d 723, 726 (Tex.App.-Houston [1st Dist.] 2000, pet. denied).

A governmental unit may challenge the trial court's subject-matter juris-

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. A flare emergency personnel place on the ground to illuminate roadways.

diction by filing a plea to the jurisdiction. *Texas Dept. of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). The plaintiff must allege facts that affirmatively demonstrate the trial court's jurisdiction to hear a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). We review a trial court's ruling on a plea to the jurisdiction de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

## Official Immunity

■ In her first issue, Junemann challenges the trial court's grant of summary judgment in favor of Crouch on the ground of official immunity. Official immunity is an affirmative defense. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). A governmental employee is entitled to official immunity if he is: (1) performing a discretionary duty; (2) within the scope his authority; (3) in good faith. *Univ. of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex.2000).

### A. Discretionary Duty

■ Actions that involve personal deliberation, decision, and judgment are discretionary; actions that require obedience to orders or the performance of a duty to which the actor has no choice, are ministerial. *Lancaster*, 883 S.W.2d at 654. In *Lancaster*, the supreme court held that a police officer engaged in a high-speed chase was engaged in a discretionary act. *Id.* at 655. We hold that Crouch's decision to stop and render. assistance is a discretionary act because that decision requires personal deliberation and judgment.

### B. Scope of Employee's Authority

■ An official acts within the scope of his authority if he is discharging the duties generally assigned to him. *Lancaster*, 883 S.W.2d at 658. That an official is off-duty is not dispositive of whether he was acting within the scope of his authority because an off-duty officer who observes a crime immediately becomes an on-duty officer. *Wallace v. Moberly*, 947 S.W.2d 273, 277 (Tex.App.-Fort Worth 1997, no writ) (citing *City of Dallas v. Half Price Books, Records, Magazines, Inc.*, 883 S.W.2d 374, 377 (Tex.App.-Dallas 1994, no writ)). The supreme court has also held that an off-duty deputy constable who stopped on the roadway to render assistance at the scene of an accident was entitled to official immunity. *DeWitt v. Harris County*, 904 S.W.2d 650, 651 (Tex. 1995). Determining when an officer is acting within the scope of his authority depends on whether the officer is discharging a duty generally assigned to him. *Lancaster*, 883 S.W.2d at 658.

In his affidavit, Crouch testified that his duties include investigating automobile accidents. He also testified that, as an officer, even when off-duty, he is still obligated to stop and render aid at an accident scene, especially when he determines that people might be injured or in need of assistance. Moreover, Junemann does not contend, nor did she bring forth any evidence, that Crouch was not acting within his scope of authority. We hold that Crouch's decision to stop and render assistance was within the scope of his authority.

### C. Good Faith

■ The final prong of official immunity requires the government official to demonstrate that his acts were within the realm of what a reasonably prudent government official could have believed was appropriate at the time in question. *Roberts v. Foose*, 7 S.W.3d 311, 314 (Tex.App.-Houston [1st Dist.] 1999, no pet.). This requires balancing the need for intervention with the countervailing severity of potential public safety concerns. *Wadew-*

*itz v. Montgomery,* 951 S.W.2d 464, 467 (Tex.1997). To be entitled to summary judgment, an officer must prove that a reasonably prudent officer in the same or similar circumstances might have believed that the action should have been taken. *Lancaster,* 883 S.W.2d at 657–58. To controvert the officer's summary judgment proof, the plaintiff must do more than show that a reasonably prudent officer could have decided not to take the action; the plaintiff must show that no reasonable officer in the defendant's position could have considered that the facts justified the defendant's acts. *Id.* at 658. For the purposes of summary judgment, we take as true Junemann's claim that Crouch did not activate his overhead emergency lights. *See Randall's,* 891 S.W.2d at 644; Tex.R. Civ. P. 166a (c).

■ The summary judgment record shows that Crouch testified it was proper for him to stop and render assistance at a traffic accident when one of the vehicles involved in the accident was stranded on the roadway at 3:00 a.m. Crouch did not testify whether it was standard procedure to activate overhead emergency lights or hazard lights.

The summary judgment record also included the expert testimony of Albert Rodriguez, the commander of the Training Academy for the Texas Department of Public Safety, who described the road conditions and Crouch's decision to stop and render aid. Rodriguez focused on Crouch's decision to stop and his official capacity as a peace officer in uniform while driving a marked patrol unit. Although Rodriguez concluded that Crouch's actions were reasonable, discretionary, and conducted in good faith, Rodriguez did not mention the procedures or standards for activating overhead emergency lights as opposed to hazard lights. Rodriguez did not mention Crouch's decision not to activate overhead emergency lights.

■ Junemann's sole complaint on appeal is that Crouch should have activated overhead emergency lights when he stopped his vehicle in a lane of traffic just beyond a crest in the road when it was raining at 3:00 a.m. in the morning. Crouch and Harris County contend the failure to activate overhead emergency lights may be relevant to negligence, but it has no bearing on official immunity and good faith. *See Harris County v. Garza,* 971 S.W.2d 733, 735 (Tex.App.-Houston [14th Dist.] 1998, no pet.) (holding that because jury found officer acted in good faith, negligence was immaterial). Although a police officer can act in good faith and still be negligent, negligent acts may still have some bearing on good faith. *Chambers,* 883 S.W.2d at 656. The test is whether any reasonably prudent officer under the same or similar circumstances could have believed that the actions taken were proper. *Id.*

■ Good faith depends on how a reasonably prudent officer could have assessed both the need for an officer to respond and the risks of the officer's course of action, based on the officer's perception of the facts at the time of the event. *Wadewitz,* 951 S.W.2d at 467. Accordingly, Crouch's summary judgment evidence should have addressed the degree, likelihood, and obviousness of the risks created by his actions. *See id.* When, as here, the plaintiff alleges and presents evidence that an officer did not take a certain action, the need and risk analysis must address the failure to take the action, even though the officer claims he did take the action. The testimony from Crouch and Rodriguez did not evaluate the risks associated with not activating overhead emergency lights. Rodriguez and Crouch's general statements, that Crouch acted in

good faith and that any law enforcement officer could have taken the same or similar actions, were insufficient to meet Crouch's summary judgment proof to establish that Crouch's decision not to activate overhead emergency lights was in good faith. *See Clark,* 38 S.W.3d at 587 (holding general statements on good faith without substantiated references to need and risk analysis, are insufficient to demonstrate good faith). Because Crouch did not conclusively establish that he acted in good faith, the trial court erred by granting summary judgment based on official immunity.

We sustain Junemann's first issue.

### Sovereign Immunity

In her second issue, Junemann challenges the trial court's granting Harris County's plea to the jurisdiction in favor of Harris County on the ground of sovereign immunity. Waiver of sovereign immunity is set out in section 101.021 of the Texas Civil Practices and Remedies Code:

**Section 101.021.  Government Liability**

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

  (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

  (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a pri-
vate person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE § 101.021 (Vernon 1997).

Sovereign immunity and official immunity are distinguishable. *Kassen v. Hatley,* 887 S.W.2d 4, 8 (Tex.1994). Official immunity protects individual officials from liability; sovereign immunity protects governmental entities from suit. *Id.* Harris County contends that, if a government official is entitled to official immunity, the government unit retains its sovereign immunity under section 101.021. *See DeWitt,* 904 S.W.2d at 653. Because we have concluded that Crouch has not established his entitlement to official immunity for his actions, we hold that Harris County is not entitled to sovereign immunity on this basis.

As an independent basis, Harris County contends it is entitled to sovereign immunity because Crouch was not using tangible property as defined under the Tort Claims Act. *See* TEX. CIV. PRAC. & REM.CODE § 101.021(2) (Vernon 1997). Harris County cites two cases for the proposition that failing to activate emergency lights is not action covered by the Tort Claims Act. *See City of Houston v. Rushing,* 7 S.W.3d 909, 915 (Tex.App.-Houston [1st Dist.] 1999, no pet.); *Cameron County v. Carrillo,* 7 S.W.3d 706, 710 (Tex.App.-Corpus Christi 1999, no pet.).

To recover under the theory of use or misuse of non-defective tangible personal property, a plaintiff must allege: (1) the property was used or misused by a governmental employee acting within the scope of his employment; and (2) the use or misuse of the property was a contributing factor to the alleged harm. *Salcedo v. El Paso Hosp. Dist.,* 659 S.W.2d 30, 31 (Tex.1983). The property need not have

caused the alleged harm, but it must have been a contributing factor. *Rushing*, 7 S.W.3d at 915.

In *Rushing*, we held that an officer's decisions not to call dispatch, not to use a marked car to alert traffic, and not to park a car in the street constituted non-use of tangible property, and therefore, immunity was not waived under the Tort Claims Act. *Rushing*, 7 S.W.3d at 915. In *Carrillo*, the court held that a police officer's removing a tire from the road constituted non-use of tangible property. *Carrillo*, 7 S.W.3d at 710. These cases are distinguishable because the officer here used his vehicle by parking it in a moving lane of traffic and turning on his hazard lights, but allegedly misused the vehicle by not activating the overhead emergency lights. *See Austin Ind. School Dist. v. Gutierrez*, 54 S.W.3d 860, 865–66 (Tex.App.-Austin 2001, no pet.) (discussing line of cases in which school bus driver's failure to activate emergency lights constituted use of tangible property that waived immunity under Tort Claims Act). We hold that because Crouch's actions qualify as use under the Tort Claims Act, Junemann's pleadings properly raised waiver of immunity. *Rushing*, 7 S.W.3d at 915.

Because Crouch did not establish entitlement to official immunity, and because he was using tangible property under the Tort Claims Act, we hold that Harris County has not established its entitlement to sovereign immunity.

We sustain Junemann's second issue.

### Conclusion

We reverse the judgment of the trial court and remand the cause for further proceedings.