Affirmed and Opinion filed February 24, 2004
















Affirmed and Opinion filed
February 24, 2004.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00322-CV

_______________

 

HARRIS COUNTY, TEXAS AND ANGELA MOORE,
Appellants

 

V.

 

JOHN EVERETT SMYLY, JR.,
DECEASED, ESTATE OF JOHN EVERETT SMYLY, JR., DECEASED, and BOBBIE SMYLY,
Appellees

                                                                                                                                               


On Appeal from the Probate Court No. 3

Harris County,
Texas

Trial Court Cause No. 310,108-401

                                                                                                                                               


 

O P I N I O N

This is an appeal from an interlocutory order denying
appellants= plea to the trial court=s jurisdiction and order denying
summary judgment.  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014 (a)(5),
(8) (Vernon
Supp. 2004).  In two issues appellants claim (1) the trial
court has no jurisdiction because appellants are immune from suits and (2)
appellants are entitled to summary judgment because their evidence conclusively
establishes that Deputy Angela Moore was entitled to official immunity.  We affirm.








Background

On October 17, 1998, Deputy Angela Moore of the Harris County
Sheriff=s Department responded to a APriority Zero,@ which is an officer in need of
assistance, the highest priority radio call. 
No details about the circumstances requiring assistance were given.  Deputy Moore proceeded to the scene on an
emergency basis, which was in compliance with the policy of the Sheriff=s office when responding to Aassist the officer@ calls.  Using her siren and emergency lights, she was
driving at least sixty-five miles per hour northbound on Highway 6 in Houston, Texas.  She drove through an intersection controlled
by a traffic signal, which had just turned green.  The northbound traffic ahead occupied every
lane and was moving approximately fifteen to twenty miles per hour.  Moore
moved into the left turn lane, attempting to pass a sport utility vehicle, but
it also moved into the left turn lane as she approached.  Moore
swerved to avoid it, lost control of her car, and skidded across the opposite
lanes of traffic.  She collided with a
car occupied by John and Bobbie Smyly, injuring them both.  John later died from his injuries.

Bobbie Smyly, individually and on behalf of the estate of her
husband John, filed suit against Moore and Harris County
for negligence and gross negligence. 
Moore and the County filed a plea to the jurisdiction and moved for
summary judgment, asserting Moore=s official immunity and the County=s sovereign immunity.  Both were denied.  This interlocutory appeal followed.  

Summary Judgment








Appellants contend the trial court erred in denying their
motion for summary judgment based on Moore=s official immunity.  To be entitled to summary judgment , a movant
must show there is no genuine issue of material fact and he is entitled to
judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  When reviewing a trial court=s denial of summary judgment, we
accept evidence in favor of the nonmovant as true, indulge every reasonable
inference in favor of the nonmovant, and resolve any doubts in the nonmovant=s favor.  Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548B49 (Tex.
1985). Because official immunity is an affirmative defense, the government
employee must prove each element of official immunity as a matter of law.  Univ.
of Houston v. Clark, 38 S.W.3d
578, 580 (Tex.
2000).  Official immunity protects
government employees from personal liability when they perform discretionary
duties within the scope of their authority as long as they act in good faith.  Id.
at 580.  The parties do not
dispute that Moore
was performing discretionary duties within the scope of her authority.  They agree that the disputed element of
official immunity in this case is the presence or absence of good faith.  If Moore is
not liable based on official immunity, Harris County
is entitled to sovereign immunity.  See
id.   

Requirements to Establish Good Faith
as a Matter of Law

To obtain summary judgment based on good faith in a police
response situation, the defendant must conclusively establish that a reasonably
prudent officer in the same or similar situation could have believed the need
to which the officer is responding outweighs the risks associated with the
officer=s actions.  Wadewitz v. Montgomery,
951 S.W.2d 464, 466B67 (Tex.
1997).  The need element involves the
urgency of the circumstances to which the officer is responding.  Id.
at 467.  It further encompasses the
seriousness of the situation, whether the officer=s immediate presence is necessary to
prevent injury or loss of life or to apprehend a suspect, and whether any
alternative courses of action are available. 
Id.  The risk element refers to public safety
concerns and includes the nature and severity of harm the officer=s actions could cause, the likelihood
of that harm, and whether that risk would be clear to a reasonably prudent
officer.  Id. 
Whether an officer could have determined the need outweighed the risk
must be resolved through reference to the summary judgment evidence.  Clark,
38 S.W.3d at 588.  In determining whether
an officer acted in good faith, we apply a standard of objective reasonableness
without regard to an officer=s subjective state of mind. 
Wadewitz, 951 S.W.2d at 466. 








Good faith can be established as a matter of law when an
officer=s recitation of the facts is
otherwise supported by the evidence.  Kistner
v. Pfannstiel, 107 S.W.3d 7, 11 (Tex. App.CSan
Antonio 2002, no pet.).  However, when the material facts underlying
an officer=s claim of good faith are in dispute,
a material fact issue is created and summary judgment is improper.  City of Houston
v. Davis, 57 S.W.3d 4, 7 (Tex. App.CHouston [14th Dist.] 2001, no pet.).  Therefore, in order to establish good faith
as a matter of law when the facts are in dispute, an officer must base his
need-risk assessment on the facts in the light most favorable to the nonmovant,
because we assume those facts are true.  Id;
Kistner, 107 S.W.3d at 12. 
Additionally, an officer must address all evidence in the record that is
material to the good faith determination. 
Bridges v. Robinson, 20 S.W.3d 104, 112B13 (Tex. App.CHouston [14th Dist.] 2000, no pet.) (overruled
on other grounds by Telthorster v. Tennell, 92 S.W.3d 457 (Tex. 2002).  

Appellants= Evidence of
Good Faith 

In support of their motion for summary judgment, appellants
submitted affidavits from Moore and expert witness Lieutenant John Denholm, who
investigated the collision.  We find
these affidavits do not establish good faith as a matter of law.  In order to be entitled to summary judgment,
appellants must meet certain procedural requirements.  Our decision is necessarily predicated on the
quality of appellant=s summary judgment evidence. 
Summary judgment is properly denied when the movant fails to fulfill
these requirements. 

In this case, the evidence of the facts underlying Moore=s claim of good faith is
controverted.  The following facts are
disputed: (1) Moore=s speed; (2) the amount of traffic;
(3) the movement of traffic to the right; and (4) the existence of an open spot
to the right of the sport utility vehicle that moved in front of Moore.  








In her affidavit, Moore
stated the traffic was moderate, and she did not go faster than sixty-five
miles per hour.  However, in their
depositions, witnesses to the accident testified that traffic was moderate to
heavy, and that Moore
appeared to be driving between seventy-five and eighty miles per hour.  Moore
also stated in her affidavit Athe traffic ahead pulled to the right as required or stayed
put in their lane.  One gentleman in the
far left land [sic] did not move to an open spot on his right.  As I attempted to pass him on the left he
suddenly moved in front of me causing me to move back to the right to avoid him
and lose control of my vehicle.@  In contrast, appellees= summary judgment evidence includes
the deposition testimony of three witnesses who stated that traffic was not
moving to the right because every lane was occupied, and there was no open
space to the right of the sport utility vehicle.  

When material facts underlying an officer=s claim of good faith are
contradicted, a conclusive finding of good faith is precluded and summary
judgment is improper.  Davis, 57 S.W.3d at 7.  Moreover, in their summary judgment proof,
appellants failed to address disputed facts in the light most favorable to
appellees, which is required to conclusively establish good faith.  See 
AIt is the jury=s domain, not ours, to determine who
is telling the truth.  However, for
purposes of this appeal we must assume [appellee=s] facts are true.@( See (citing Am. Tobacco
Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997)). 
Therefore, appellants have failed to establish Moore acted in good faith as a matter of
law.  Id.; see, e.g., Roberts v.
Foose, 7 S.W.3d 311, 315 (Tex. App.CHouston [1st Dist.] 1999, no pet.)
(good faith not established where facts of police stop were controverted); City
of Dallas v. Aguirre, 977 S.W.2d 862, 864 (Tex. App.CDallas 1998, no pet.) (good faith not
established when officers= claim that suspect was fleeing was controverted); Victory
v. Bills, 897 S.W.2d 506, 509B10 (Tex. App.CEl Paso 1995, no writ) (good faith
not established when factual dispute existed about resisting arrest); cf
Hayes v. Patrick, 71 S.W.3d 516, 522 (Tex. App.CFort Worth 2002, no pet.) (good faith was established where
officer based analysis on plaintiff=s disputed version of the facts).

 








Appellees also contend Moore=s affidavit is insufficient to
establish good faith because she failed to adequately
describe and assess traffic conditions as she approached the signal-controlled
intersection.  Moore stated in her
affidavit that the weather was clear; the road was dry; traffic was moderate;
the speed limit was forty-five miles per hour; her speed varied from forty-five
to sixty-five miles per hour; and traffic ahead of her pulled to the right  or remained in the same lane.  

An officer is not required to use particular words in
assessing risk, such as the possibility of an automobile accident, but an
officer is required to assess the specific circumstances present that affect
any risks.  Clark,
38 S.W.3d at 585B86.  Assessment of
traffic and weather conditions may be sufficient where the record does not
indicate there were other pertinent circumstances affecting the risks that were
not assessed.  Id. at 586.  Although Moore mentioned some traffic conditions, she
failed to fully assess other factors that affected the risk.  Appellees= proof shows the traffic signal had
just turned green, cars were moving as slow as fifteen to twenty miles per
hour, and cars occupied all lanes of traffic when Moore approached from behind going at least
sixty-five miles per hour.  Viewing the
evidence in the light most favorable to appellees, these circumstances were present,
and Moore was required to assess them as factors that affected the risk in
order to assert that a reasonably prudent officer under the same or similar
circumstances could conclude the need to proceed at that speed outweighed
the risk to the public.  See id. 








Appellants claim the affidavits in this case are almost
identical to affidavits that were upheld as establishing good faith in two
cases involving officers who had been in automobile accidents.  See Clark, 38 S.W.3d of 578; Weatherly
v. Derby, 2002 WL 1789701 (Tex. App.CHouston [14th Dist.] Aug. 1, 2002, no
pet.) (not designated for publication). 
However, those cases are distinguishable because in Clark and Weatherly
there were no controverted material facts that raised a fact issue.  See Clark, 38 S.W.3d at 596; Weatherly,
2002 WL 1789701, at *6. Additionally, there was no claim that the officers
failed to address other circumstances determinative of good faith.  Clark, 38 S.W.3d at 586; Weatherly,
2002 WL 1789701, at *5. 

In his affidavit, Denholm fails to identify any factors that
might have contributed to the risk.  He
states only that Moore could have believed the risk of harm to the public in
passing traffic was outweighed by the need to respond.  Appellees contend Denholm=s statements are conclusory.  An objection that an affidavit is conclusory
is an objection to the substance of the affidavit that may be raised for the
first time on appeal.  Hodgkins v.
Bryan, 99 S.W.3d 669, 674 (Tex. App.CHouston [14 Dist.] 2003, no pet.);
City of Wilmer v. Laidlaw Waste Sys., Inc., 890 S.W.2d 459, 467 (Tex. App. CDallas 1994), aff=d, 904 S.W.2d 656, 660B61 (Tex. 1995).  An expert=s conclusory statement that an
officer could have believed the need outweighed the risk will not establish
good faith, but the conclusion must be substantiated with facts showing that
all the risk factors have been assessed. 
Clark, 38 S.W.3d at 581 (citing Wadewitz, 951 S.W.2d at
467).  Because Denholm did not
substantiate his conclusion by assessing any risk factors, he did not
conclusively prove good faith in his affidavit.

Because appellants did not conclusively establish Moore=s good faith, she is not entitled to
summary judgment on her claim of official immunity.  Consequently, Harris County is not entitled to
summary judgment based on sovereign immunity. 
See Clark, 38 S.W.3d at 580, 588. 
Accordingly, the trial court=s denial of summary judgment is
affirmed.

Plea to the Jurisdiction








Appellants also contend the trial court has no jurisdiction
over Harris County because it is immune from suit under sovereign
immunity.  Under the doctrine of
sovereign immunity, a governmental entity is immune from suit unless the
legislature expressly waives immunity.  Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003).  A trial court lacks subject matter
jurisdiction over a case barred by governmental immunity from suit.  Id. 
In determining whether a plaintiff has shown that immunity has been
waived, we may consider the facts alleged by the plaintiff and any evidence
that is relevant to the jurisdictional issue. 
Id.  We review the trial
court=s determination of subject matter
jurisdiction de novo.  Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 

Under the Texas Tort Claims Act, the legislature has waived a
governmental unit=s immunity from suit for injuries arising out of an employee=s use of a motor-driven vehicle if
the employee would otherwise be personally liable to the claimant.  Tex.
Civ. Prac. & Rem. Code Ann. ' 101.021(1) (Vernon 1997).  Appellants contend that the evidence supports
a finding of good faith, establishing Moore=s immunity from liability.  They claim that Harris County=s sovereign immunity has not been
waived because Moore is not personally liable. 
See Junemann v. Harris County, 84 S.W.3d 689, 695 (Tex. App.CHouston [1st Dist.] 2002, pet.
denied).  However, because we have
already found that appellants= summary judgment evidence was insufficient to establish
Moore=s immunity from liability, Harris
County is not entitled to sovereign immunity. 
See id.  Accordingly,
appellants= plea to the jurisdiction was
properly denied by the trial court. 

Having overruled appellants= issues, the judgment of the trial
court is affirmed. 

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Opinion filed February 24, 2004.

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.