**CITY OF DALLAS, Texas and
John Baker, Appellants,**

v.

**Jose de Jesus AGUIRRE, Appellee.**

No. 05–98–00385–CV.

Court of Appeals of Texas,
Dallas.

Oct. 29, 1998.

Julie Essenburg, Assistant City Attorney, Dallas, for Appellant.

Ruis Airla, The Airla Law Firm, Dallas, for Appellee.

Before MALONEY, WHITTINGTON and ROACH, JJ.

## OPINION

MALONEY, Justice.

Jose de Jesus Aguirre sued the City of Dallas (the City) and Dallas police officer John Baker (collectively, appellants) to recover damages for personal injuries. The trial court denied appellants' joint motion for summary judgment[1] on sovereign and official immunity. In two points of error, appellants contend the trial court erred in denying the summary judgment motion. We affirm the trial court's order denying summary judgment.

## BACKGROUND

Baker responded to a domestic disturbance call at an apartment complex. The complainant described Aguirre to Baker, and Baker described Aguirre to James Bordelon, another Dallas police officer. Bordelon drove his squad car around the "back side" of the apartment complex, where he spotted Aguirre. Bordelon followed Aguirre. Baker drove past Aguirre, and turned his squad car onto the sidewalk in front of Aguirre. Next, Aguirre was "flying through the air with his hands out in front of him and his body parallel to the ground."[2] Somehow, Aguirre came into contact with Baker's squad car.

1. Another defendant, Dallas police officer James Bordelon, joined in the summary judgment motion. Bordelon, however, has not appealed the trial court's ruling.

## STANDARD OF REVIEW

■ The standards for reviewing a summary judgment are well established. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). A defendant who moves for summary judgment on official immunity must conclusively prove each element of his defense as a matter of law. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994).

## OFFICIAL IMMUNITY

In their first point of error, appellants contend the trial court erred in ruling that Baker was not entitled to summary judgment on official immunity. Specifically, they argue that Baker is entitled to official immunity as a matter of law and, therefore, cannot be liable for Aguirre's injuries.

### 1. Applicable Law

■ Official immunity is an affirmative defense that protects governmental employees from personal liability. *See Chambers*, 883 S.W.2d at 653. Police officers are entitled to immunity from suits arising from good faith performance of their discretionary duties so long as they are acting within the scope of their authority. *Id.* at 653. Whether a police officer acted in good faith must be measured against an objective standard of reasonableness, without regard to the officer's subjective state of mind. *Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex.1997); *Chambers*, 883 S.W.2d at 656. To establish good faith as a matter of law, an officer must show that a reasonably prudent officer, under the same or similar circumstances, could have believed that his actions were justified. *Chambers*, 883 S.W.2d at 656. Whether the officer was negligent is immaterial in determining good faith. *Id.* at 655.

### 2. Application of Law to Facts

To prove Baker acted in good faith, appellants rely on Baker's and Bordelon's deposition testimony and affidavits, former police

2. This statement is found in Baker's affidavit and is uncontested.

chief Billy Prince's affidavit, and the police department arrest report. In their affidavits, Baker and Bordelon testify that, when Baker drove the squad car past Aguirre and onto the sidewalk, Aguirre was running from them. Both Baker and Bordelon conclude that Baker acted in good faith at all times during their pursuit of Aguirre. They further conclude that Baker's acts were reasonable in light of the circumstances and any reasonably prudent officer, under the same or similar circumstances, could have believed Baker's actions were justified.

In his affidavit, Prince summarizes his credentials, including his familiarity with police department standard operating procedures. Prince concludes that a reasonably prudent officer, under the same or similar circumstances, could have believed it was necessary to jump the sidewalk curb. However, like Baker and Bordelon, Prince predicates his opinion solely on Baker's and Bordelon's version of events.[3]

In his response, Aguirre attached his affidavit as summary judgment evidence. Aguirre's summary judgment evidence showed that at the time Baker drove the squad car onto the sidewalk, the officers were not "attempting to catch a running suspect." Aguirre's deposition testimony, which appellants included in their summary judgment evidence, shows that Aguirre was walking down the sidewalk and did not believe the police were following him. This evidence disputes Baker's and Bordelon's version of events—that Aguirre was running from the police to avoid arrest.

■ Assuming, without deciding, appellants met their burden of proving that Baker acted in good faith under Baker's and Bordelon's version of events, no summary judgment evidence shows that Baker acted in good faith under Aguirre's version of events.

See *Victory v. Bills,* 897 S.W.2d 506, 509 (Tex.App.—El Paso 1995, no writ) (holding officer could not establish that he acted in good faith when factual dispute existed on whether and to what extent suspect resisted arrest); *Beatty v. Charles,* 936 S.W.2d 28, 31–32 (Tex.App.—San Antonio 1996, no writ).

Viewing the evidence in the light most favorable to Aguirre, we conclude whether Aguirre was fleeing from the police is a material fact issue on Baker's good faith in driving his squad car onto the sidewalk in front of Aguirre. Thus, appellants did not conclusively prove each element of the official immunity defense. The trial court did not err in ruling that Baker was not entitled to summary judgment on official immunity. We overrule appellants' first point of error.

## SOVEREIGN IMMUNITY

In their second point of error, appellants contend the trial court erred in ruling that the City was not entitled to summary judgment.[4] Specifically, they argue that Baker's official immunity defense entitles the City to sovereign immunity from Aguirre's suit.

### 1. Applicable Law

■ Governmental entities generally enjoy immunity from tort liability unless the provisions of the Texas Tort Claims Act waive that immunity. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001–.109 (Vernon 1997 & Supp.1998). A governmental entity may be liable for the torts of its employee if the employee would be personally liable to the claimant according to Texas law. *See id.* § 101.021. However, sovereign immunity protects the governmental entity from liability if the doctrine of official immunity protects the employee from liability. *DeWitt v. Harris County,* 904 S.W.2d 650, 654 (Tex.1995);

---

**3.** Prince's affidavit states that he investigated the facts. He reviewed, among other things, various pleadings and evidence in the cause, including Aguirre's deposition testimony. Prince concluded, as he states in his affidavit, that appellant "attempted to evade the officers by running." Only under these facts did Prince opine that Baker acted in good faith in attempting to stop appellant, including driving the squad car onto the sidewalk ahead of appellant.

**4.** Although sovereign immunity, if applicable, would protect only the City from liability, the City and Baker together raise the point of error challenging the trial court's ruling that the City was not entitled to summary judgment on the defense.

*City of Houston v. Kilburn,* 849 S.W.2d 810, 812 (Tex.1993) (per curiam).

### 2. Application of Law to Facts

Appellants did not prove as a matter of law that official immunity protected Baker from liability for Aguirre's injuries. Therefore, appellants cannot establish that the City's sovereign immunity protected it from liability for Baker's injuries. *See DeWitt,* 904 S.W.2d at 654. Accordingly, the trial court did not err in concluding that the City was not entitled to summary judgment. We overrule appellants' second point of error.

We affirm the trial court's order denying summary judgment.