**HARRIS COUNTY, Texas and Angela Moore, Appellants,**

**v.**

**John Everett SMYLY, Jr., Deceased, Estate of John Everett Smyly, Jr., Deceased, and Bobbie Smyly, Appellees.**

No. 14–03–00322–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 24, 2004.

Rehearing Overruled March 18, 2004.

Edward J. Mahar, Houston, for appellants.

Thomas A. Peterson, Beaumont, R. Grady Brown, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and SEYMORE.

## OPINION

CHARLES W. SEYMORE, Justice.

This is an appeal from an interlocutory order denying appellants' plea to the trial court's jurisdiction and order denying summary judgment. *See* TEX. CIV. PRAC. &

REM.CODE ANN. § 51.014(a)(5), (8) (Vernon Supp.2004). In two issues appellants claim (1) the trial court has no jurisdiction because appellants are immune from suits and (2) appellants are entitled to summary judgment because their evidence conclusively establishes that Deputy Angela Moore was entitled to official immunity. We affirm.

## BACKGROUND

On October 17, 1998, Deputy Angela Moore of the Harris County Sheriff's Department responded to a "Priority Zero," which is an officer in need of assistance, the highest priority radio call. No details about the circumstances requiring assistance were given. Deputy Moore proceeded to the scene on an emergency basis, which was in compliance with the policy of the Sheriff's office when responding to "assist the officer" calls. Using her siren and emergency lights, she was driving at least sixty-five miles per hour northbound on Highway 6 in Houston, Texas. She drove through an intersection controlled by a traffic signal, which had just turned green. The northbound traffic ahead occupied every lane and was moving approximately fifteen to twenty miles per hour. Moore moved into the left turn lane, attempting to pass a sport utility vehicle, but it also moved into the left turn lane as she approached. Moore swerved to avoid it, lost control of her car, and skidded across the opposite lanes of traffic. She collided with a car occupied by John and Bobbie Smyly, injuring them both. John later died from his injuries.

Bobbie Smyly, individually and on behalf of the estate of her husband John, filed suit against Moore and Harris County for negligence and gross negligence. Moore and the County filed a plea to the jurisdiction and moved for summary judgment, asserting Moore's official immunity and the County's sovereign immunity. Both were denied. This interlocutory appeal followed.

## SUMMARY JUDGMENT

Appellants contend the trial court erred in denying their motion for summary judgment based on Moore's official immunity. To be entitled to summary judgment, a movant must show there is no genuine issue of material fact and he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). When reviewing a trial court's denial of summary judgment, we accept evidence in favor of the nonmovant as true, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex.1985). Because official immunity is an affirmative defense, the government employee must prove each element of official immunity as a matter of law. *Univ. of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex.2000). Official immunity protects government employees from personal liability when they perform discretionary duties within the scope of their authority as long as they act in good faith. *Id.* at 580. The parties do not dispute that Moore was performing discretionary duties within the scope of her authority. They agree that the disputed element of official immunity in this case is the presence or absence of good faith. If Moore is not liable based on official immunity, Harris County is entitled to sovereign immunity. *See id.*

## REQUIREMENTS TO ESTABLISH GOOD FAITH AS A MATTER OF LAW

To obtain summary judgment based on good faith in a police response situation, the defendant must conclusively establish that a reasonably prudent officer in the same or similar situation could have

believed the need to which the officer is responding outweighs the risks associated with the officer's actions. *Wadewitz v. Montgomery,* 951 S.W.2d 464, 466–67 (Tex. 1997). The need element involves the urgency of the circumstances to which the officer is responding. *Id.* at 467. It further encompasses the seriousness of the situation, whether the officer's immediate presence is necessary to prevent injury or loss of life or to apprehend a suspect, and whether any alternative courses of action are available. *Id.* The risk element refers to public safety concerns and includes the nature and severity of harm the officer's actions could cause, the likelihood of that harm, and whether that risk would be clear to a reasonably prudent officer. *Id.* Whether an officer could have determined the need outweighed the risk must be resolved through reference to the summary judgment evidence. *Clark,* 38 S.W.3d at 588. In determining whether an officer acted in good faith, we apply a standard of objective reasonableness without regard to an officer's subjective state of mind. *Wadewitz,* 951 S.W.2d at 466.

■ Good faith can be established as a matter of law when an officer's recitation of the facts is otherwise supported by the evidence. *Kistner v. Pfannstiel,* 107 S.W.3d 7, 11 (Tex.App.-San Antonio 2002, no pet.). However, when the material facts underlying an officer's claim of good faith are in dispute, a material fact issue is created and summary judgment is improper. *City of Houston v. Davis,* 57 S.W.3d 4, 7 (Tex.App.-Houston [14th Dist.] 2001, no pet.). Therefore, in order to establish good faith as a matter of law when the facts are in dispute, an officer must base his need-risk assessment on the facts in the light most favorable to the nonmovant, because we assume those facts are true. *Id.; Kistner,* 107 S.W.3d at 12. Additionally, an officer must address all evidence in the record that is material to the good faith determination. *Bridges v. Robinson,* 20 S.W.3d 104, 112–13 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (*overruled on other grounds by Telthorster v. Tennell,* 92 S.W.3d 457 (Tex.2002)).

## APPELLANTS' EVIDENCE OF GOOD FAITH

■ In support of their motion for summary judgment, appellants submitted affidavits from Moore and expert witness Lieutenant John Denholm, who investigated the collision. We find these affidavits do not establish good faith as a matter of law. In order to be entitled to summary judgment, appellants must meet certain procedural requirements. Our decision is necessarily predicated on the quality of appellant's summary judgment evidence. Summary judgment is properly denied when the movant fails to fulfill these requirements.

In this case, the evidence of the facts underlying Moore's claim of good faith is controverted. The following facts are disputed: (1) Moore's speed; (2) the amount of traffic; (3) the movement of traffic to the right; and (4) the existence of an open spot to the right of the sport utility vehicle that moved in front of Moore.

In her affidavit, Moore stated the traffic was moderate, and she did not go faster than sixty-five miles per hour. However, in their depositions, witnesses to the accident testified that traffic was moderate to heavy, and that Moore appeared to be driving between seventy-five and eighty miles per hour. Moore also stated in her affidavit "the traffic ahead pulled to the right as required or stayed put in their lane. One gentleman in the far left land [sic] did not move to an open spot on his right. As I attempted to pass him on the left he suddenly moved in front of me causing me to move back to the right to avoid him and lose control of my vehicle."

In contrast, appellees' summary judgment evidence includes the deposition testimony of three witnesses who stated that traffic was not moving to the right because every lane was occupied, and there was no open space to the right of the sport utility vehicle.

■ When material facts underlying an officer's claim of good faith are contradicted, a conclusive finding of good faith is precluded and summary judgment is improper. *Davis*, 57 S.W.3d at 7. Moreover, in their summary judgment proof, appellants failed to address disputed facts in the light most favorable to appellees, which is required to conclusively establish good faith. *See* "It is the jury's domain, not ours, to determine who is telling the truth. However, for purposes of this appeal we must assume [appellee's] facts are true." (*See* citing *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997)). Therefore, appellants have failed to establish Moore acted in good faith as a matter of law. *Id.; see, e.g., Roberts v. Foose*, 7 S.W.3d 311, 315 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (good faith not established where facts of police stop were controverted); *City of Dallas v. Aguirre*, 977 S.W.2d 862, 864 (Tex.App.-Dallas 1998, no pet.) (good faith not established when officers' claim that suspect was fleeing was controverted); *Victory v. Bills*, 897 S.W.2d 506, 509–10 (Tex.App.-El Paso 1995, no writ) (good faith not established when factual dispute existed about resisting arrest); *cf. Hayes v. Patrick*, 71 S.W.3d 516, 522 (Tex.App.-Fort Worth 2002, no pet.) (good faith was established where officer based analysis on plaintiff's disputed version of the facts).

■ Appellees also contend Moore's affidavit is insufficient to establish good faith because she failed to adequately describe and assess traffic conditions as she approached the signal-controlled intersection.

Moore stated in her affidavit that the weather was clear; the road was dry; traffic was moderate; the speed limit was forty-five miles per hour; her speed varied from forty-five to sixty-five miles per hour; and traffic ahead of her pulled to the right or remained in the same lane.

■ An officer is not required to use particular words in assessing risk, such as the possibility of an automobile accident, but an officer is required to assess the specific circumstances present that affect any risks. *Clark*, 38 S.W.3d at 585–86. Assessment of traffic and weather conditions may be sufficient where the record does not indicate there were other pertinent circumstances affecting the risks that were not assessed. *Id.* at 586. Although Moore mentioned some traffic conditions, she failed to fully assess other factors that affected the risk. Appellees' proof shows the traffic signal had just turned green, cars were moving as slow as fifteen to twenty miles per hour, and cars occupied all lanes of traffic when Moore approached from behind going at least sixty-five miles per hour. Viewing the evidence in the light most favorable to appellees, these circumstances were present, and Moore was required to assess them as factors that affected the risk in order to assert that a reasonably prudent officer under the *same or similar circumstances* could conclude the need to proceed at that speed outweighed the risk to the public. *See id.*

Appellants claim the affidavits in this case are almost identical to affidavits that were upheld as establishing good faith in two cases involving officers who had been in automobile accidents. *See Clark*, 38 S.W.3d at 578; *Weatherly v. Derby*, 2002 WL 1789701 (Tex.App.-Houston [14th Dist.] Aug. 1, 2002, no pet.) (not designated for publication). However, those cases are distinguishable because in *Clark* and *Weatherly* there were no controverted material facts that raised a fact issue. *See*

*Clark*, 38 S.W.3d at 588; *Weatherly*, 2002 WL 1789701, at \*6. Additionally, there was no claim that the officers failed to address other circumstances determinative of good faith. *Clark*, 38 S.W.3d at 586; *Weatherly*, 2002 WL 1789701, at \*5.

In his affidavit, Denholm fails to identify any factors that might have contributed to the risk. He states only that Moore could have believed the risk of harm to the public in passing traffic was outweighed by the need to respond. Appellees contend Denholm's statements are conclusory. An objection that an affidavit is conclusory is an objection to the substance of the affidavit that may be raised for the first time on appeal. *Hodgkins v. Bryan*, 99 S.W.3d 669, 674 (Tex.App.-Houston [14 Dist.] 2003, no pet.); *City of Wilmer v. Laidlaw Waste Sys., Inc.*, 890 S.W.2d 459, 467 (Tex.App.-Dallas 1994), *aff'd*, 904 S.W.2d 656, 660–61 (Tex.1995). An expert's conclusory statement that an officer could have believed the need outweighed the risk will not establish good faith, but the conclusion must be substantiated with facts showing that all the risk factors have been assessed. *Clark*, 38 S.W.3d at 581 (citing *Wadewitz*, 951 S.W.2d at 467). Because Denholm did not substantiate his conclusion by assessing any risk factors, he did not conclusively prove good faith in his affidavit.

Because appellants did not conclusively establish Moore's good faith, she is not entitled to summary judgment on her claim of official immunity. Consequently, Harris County is not entitled to summary judgment based on sovereign immunity. *See Clark*, 38 S.W.3d at 580, 588. Accordingly, the trial court's denial of summary judgment is affirmed.

#### Plea to the Jurisdiction

Appellants also contend the trial court has no jurisdiction over Harris County because it is immune from suit under sovereign immunity. Under the doctrine of sovereign immunity, a governmental entity is immune from suit unless the legislature expressly waives immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003). A trial court lacks subject matter jurisdiction over a case barred by governmental immunity from suit. *Id.* In determining whether a plaintiff has shown that immunity has been waived, we may consider the facts alleged by the plaintiff and any evidence that is relevant to the jurisdictional issue. *Id.* We review the trial court's determination of subject matter jurisdiction *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).

Under the Texas Tort Claims Act, the legislature has waived a governmental unit's immunity from suit for injuries arising out of an employee's use of a motor-driven vehicle if the employee would otherwise be personally liable to the claimant. Tex. Civ. Prac. & Rem.Code Ann. § 101.021(1) (Vernon 1997). Appellants contend that the evidence supports a finding of good faith, establishing Moore's immunity from liability. They claim that Harris County's sovereign immunity has not been waived because Moore is not personally liable. *See Junemann v. Harris County*, 84 S.W.3d 689, 695 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). However, because we have already found that appellants' summary judgment evidence was insufficient to establish Moore's immunity from liability, Harris County is not entitled to sovereign immunity. *See id.* Accordingly, appellants' plea to the jurisdiction was properly denied by the trial court.

Having overruled appellants' issues, the judgment of the trial court is affirmed.