NO. 07-05-0448-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 31, 2006



______________________________


 

GRAY COUNTY, APPELLANT



V.



DEBRA KAY SHOUSE AS NATURAL MOTHER, GUARDIAN


AND NEXT FRIEND OF JESSI LYNN NOBLE, A MINOR, APPELLEE


_________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NO. 32,158; HONORABLE LEE W. WATERS, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

OPINION


 Appellant, Gray County, seeks an interlocutory appeal of the denial of its motion for
summary judgment based on the affirmative defense of official immunity. (1) We affirm the
trial court.

Background 

 Officer Wallis of the Gray County Sheriff's Department was dispatched to investigate
a report of persons pointing a gun at passing motorists on Interstate 40. En route to the
location, Officer Wallis was involved in an accident with a vehicle driven by Debra Kay
Shouse. Shouse brought suit against Gray County under the doctrine of respondeat
superior asserting that Wallis, a county employee, was negligent. In response, Gray
County filed a motion for summary judgment asserting the defense of official immunity. 
The trial court denied appellant's motion for summary judgment.

 Gray County seeks interlocutory appeal of the denial of its motion for summary
judgment contending that, as a matter of law, Shouse's claims are barred by Wallis's official
immunity; consequently, Gray County contends that, as Wallis's employer, it retains
governmental immunity and thus is entitled to summary judgment. 

Standard of Review and Applicable Law

 A governmental unit retains immunity when the basis of liability is respondeat
superior and the acts of the employee are covered by official immunity. DeWitt v. Harris
County, 904 S.W.2d 650, 654 (Tex. 1995). A governmental employee is entitled to official
immunity: (1) for the performance of discretionary duties; (2) within the scope of the
employee's authority; and (3) provided the employee acts in good faith. Univ. of Houston
v. Clark, 38 S.W.3d 578, 580 (Tex. 2000). (2) Because official immunity is an affirmative
defense, to obtain summary judgment on official immunity the governmental employee
must conclusively prove each element of the defense. Id. To obtain summary judgment
on good faith in a pursuit case, a police officer must prove that a reasonably prudent officer,
under the same or similar circumstances, could have believed that the need to immediately
apprehend the suspect outweighed a clear risk of harm to the public. See id. at 581. The
need and risk factors apply to good faith determinations in police pursuits as well as
emergency responses. Id. at 582. Whether an emergency response or police pursuit, both
situations involve rapidly changing circumstances which require a police officer to
continually assess the need and risk factors. See id. at 582-83. Depending on the
circumstances, an officer may not be able to thoroughly analyze each need or risk factor,
and this fact alone should not prevent an officer from establishing good faith. Id. at 583. 
When the material facts underlying a claim of good faith are in dispute, an officer must base
his need-risk assessment on the facts by viewing them in the light most favorable to the
nonmovant. Harris County v. Smyly, 130 S.W.3d 330, 334 (Tex.App.-Houston [14th Dist.]
2004, no pet.). Additionally, the officer must address all evidence in the record that is
material to the good faith determination. Id. When the material facts underlying an officer's
claim of good faith are in dispute, a material fact issue is created and summary judgment
is improper. Id. 

Analysis

 Gray County contends that the accident was caused by Shouse's failure to yield the
right of way at an intersection. According to Gray County, Wallis was responding to an
emergency call, traveling west on Interstate 40, when he came to the intersection of I-40
and Highway 273. As Wallis approached the intersection, Shouse entered the intersection
causing Wallis to take corrective action. Gray County contends that Wallis was traveling
at or near the speed limit, saw Shouse's vehicle stopped at the intersection before she
entered the interstate ahead of him, and took appropriate corrective measures in an
attempt to avoid the accident. 

 In Wallis's affidavit, Wallis detailed his assessment of the needs and risks that were
confronted in responding to a call of persons pointing a gun at vehicles traveling on I-40. 
 Wallis states that he made the decision to respond to the call to reduce the risk of harm
to other officers and the public in general. However, Wallis also indicates that the need
was not so great as to require the use of emergency sirens or lights, nor did it require him
to travel above the speed limit of 50 miles per hour. Wallis's affidavit further states that he
assessed the risks of responding by considering the time of day, the day of the week, the
weather conditions, and the amount of traffic on the interstate in determining his response. 
In his opinion, Wallis felt that traveling along an interstate route on a Sunday afternoon on
a clear day with light traffic posed a minimal risk compared to the need to proceed quickly
to the emergency call. Finally, Wallis states his belief that a reasonably prudent peace
officer faced with the same or similar circumstances would have acted in the same manner. 
Additionally, Texas Department of Public Safety Trooper Lynn Holland, Jr., provides an
affidavit based on his reconstruction of the accident concluding that Wallis took the
appropriate route, was traveling near the speed limit, and took appropriate evasive action
in attempting to avoid an accident. 

 In contrast, Shouse contends that Wallis was speeding at approximately 66 miles
per hour in a 50 miles per hour zone and was unable to properly observe the intersection
because of the curvature of the road and the sunlight shining into Wallis's eyes. To support
her contentions, Shouse presents an affidavit from an accident reconstructionist, an
affidavit from a meteorologist calculating the position of the sun at the time of the accident,
and photographs showing the curvature of the road. 

 Since the material fact of Wallis's speed as he approached the intersection is in
dispute, Wallis must base his need-risk assessment on the facts viewed in the light most
favorable to the nonmovant, specifically that he was traveling at 66 miles per hour. See
Smyly, 130 S.W.3d at 334. Additionally, Wallis's affidavit discussing the needs-risk
assessment for determining his good faith does not address either the curvature of the road
nor the effect of the sunshine upon Wallis's vision. See id. (an officer must address all
evidence in the record that is material to the good faith determination). Since several
material facts underlying Wallis's claim of good faith are in dispute, a material fact issue is
created and summary judgment would have been improper. See id. Therefore, the trial
court did not err in denying Gray County's motion for summary judgment. Our
determination that Gray County did not prove the good faith element of its defense as a
matter of law pretermits any discussion as to whether Wallis's actions were discretionary
or ministerial. See Tex. R. App. P. 47.1; Univ. of Houston, 38 S.W.3d at 580.

Conclusion

 For the foregoing reasons, we affirm. 

 Mackey K. Hancock

 Justice
1. Interlocutory appeal from the denial of Gray County's motion for summary
judgment is allowed by Tex. Civ. Prac. & Rem. Code Ann. § 51.04(a)(5) (Vernon 1997). 
See City of Beverly Hills v. Guevara, 904 S.W.2d 655, 656 (Tex. 1995); Greenwell v. Davis,
180 S.W.3d 287 294 (Tex.App.-Texarkana 2005, pet. filed).
2. At trial, Shouse conceded that Wallis was in the course and scope of his
employment. 



xception Locked="false" Priority="73" Name="Colorful Grid Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.  07-09-0046-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

FEBRUARY 17, 2010

________________________

 

MARC E. ROUNSAVALL,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

________________________

 

FROM
THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

 

NO. 2007-442,973;
HONORABLE LARRY B. RUSTY LADD, JUDGE

__________________________

 

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant,
Marc E. Rounsavall, was convicted of driving while
intoxicated[1]
and sentenced to 30 days in the Lubbock County Jail and a fine of $2,000, with
both the jail term and the fine being suspended while appellant was on
probation for a term of 12 months. 
Appellant appeals the judgment contending that the trial court committed
reversible error by denying appellants request for a jury charge on the issue
of involuntary intoxication.  We affirm.

Factual and
Procedural Background

 

 

             
In the early morning hours of January 7, 2007, Julia Beaver was driving
home and had arrived at the intersection of 19th St. and the
Brownfield Highway in Lubbock.  Beavers
car was struck from the rear by a pickup truck being driven by appellant.  Officer Cox of the Lubbock Police Department
arrived on the scene first.  Cox testified
that when she first observed appellant he appeared confused and had a deer in
the headlight look.  It was Coxs
opinion that appellant did not know what had happened.  However, Cox did believe that appellant may
have been driving while intoxicated and, as a result, requested additional
officers be dispatched to the scene to proceed with a driving while intoxicated
investigation.  

            Officer Aaron Spann
arrived on the scene and took charge of the driving while intoxicated
investigation.  Upon his arrival, Spann
observed that appellant could barely stand up and had a blank look on his
face.  Later, Spann attempted to give
appellant several of the field sobriety tests. 
According to Spann, appellant could not perform any of the tests and
appeared to be intoxicated.  Appellant
was subsequently arrested and taken to the Lubbock Police Department holding
facility where a breath test was administered. 
The result of the breath test revealed a blood alcohol concentration of
.099 and .104.  These tests results were
stipulated before the jury.

            During the trial of the
case, the only contested issue was how appellant became intoxicated.  Appellant presented evidence that he had two
drinks between 9:30 and 10:30 p.m. on the evening before his arrest at approximately
5:00 a.m. the next morning.  Appellant
further testified that on the evening of his two drinks, he had taken the
prescription sleep aid, Ambien.  Appellant stated he had no recollection of
any events until he awoke in the holding facility at the Lubbock Police
Department.  Further, appellant testified
that after he returned to his home he found two bottles of alcohol that had
been completely emptied and that his bottle of Ambien
had been scattered in his bedroom.  

            Appellant further
presented the testimony of James Booker, Ph.D., toxicologist, who testified
about the effect that Ambien can have on certain
individuals.  The doctors testimony
revealed that the drug, especially in its instant release formula, could render
a person into a somnambulistic state, or a state of sleepwalking.  The doctor further testified that, a person
suffering from somnambulism might take actions that he might not otherwise
take.  The essence of appellants
evidence was that he did not voluntarily consume any additional alcohol after
the two earlier drinks and the consumption of the Ambien.  

            At the conclusion of the
evidence, appellant sought a jury charge on involuntary intoxication.  The trial court denied the request and the
jury was charged under a standard driving while intoxicated charge plus a
paragraph on synergistic effect and another paragraph on voluntariness of
appellants actions.  The jury
subsequently convicted appellant of driving while intoxicated and this appeal
followed.  

            Appellant contends that
the trial court erred by not giving the requested charge on the issue of
involuntary intoxication.  We disagree
with appellant and affirm the judgment of the trial court.

 

 

Standard of Review

 

 

            In the trial of any case before a
jury, the court is required to give the jury a written charge that distinctly
sets forth the law applicable to the case, without expressing any opinion about
the weight of the evidence or discussion of the evidence.  See Tex.
Code of Crim. Proc. Ann.
art. 36.14 (Vernon 2007).  When an appellant, as here, alleges that the
trial court has committed error in the Courts Charge, a reviewing court is
presented with a two part inquiry.  See
Druery v. State, 225
S.W.3d 491, 504 (Tex.Crim.App. 2007).  First, the reviewing court must determine
whether error has been committed.  Id.  If error has been committed, the reviewing
court must then determine whether the error was harmful.  Id. 


            In the case before the
Court, appellant contends that error was committed when the trial court failed
to give the requested jury charge on the issue of voluntary intoxication.  The record supports the appellants position
that there was ample evidence presented before the trial court regarding
whether or not the later alcohol consumed by appellant was consumed voluntarily.  This is the important fact because both the
States expert and the appellants expert testified that if appellant had
consumed no additional alcohol his breath test would have shown no alcohol in
his blood stream at the time of the test. 
The record reflected that at the time of appellants breath test the
results were 0.099 and 0.104.  The record
is also dispositive of the question of whether or not appellant has preserved
this issue by requesting a charge with sufficient particularity so as to place
the trial court on notice of what his complaint was.  

            Appellant cites us to the case of Walters
v. State for the proposition that a defendant is entitled to a jury
instruction on any defensive issue raised by the evidence, regardless of how
strong, weak, challenged, or uncontested that evidence may be.  See Walters v. State, 247 S.W.3d 204, 209 (Tex.Crim.App.
2007).  The statement is a true statement
of the law, however, that proposition is not
dispositive of this case.  The first
question we must answer is, which element of the offense of those that the
State is required to prove does the requested charge attach.  

            The elements of driving
while intoxicated are 1) appellant, 2) on or about the date specified, 3) while
intoxicated, 4) operated a motor vehicle, 5) in a public place.  See Tex.
Penal Code Ann. § 49.04
(Vernon 2003).[2]  Conspicuously absent from the statute
defining driving while intoxicated is a requirement for a culpable mental
state.  The penal code provides that a
culpable mental state is required, even if the offense does not prescribe one,
unless the definition plainly dispenses with any mental state.  See § 6.02(b).  In answer to the requirement of section
6.02(b), the penal code provides that proof of a mental state is not required
for conviction of an offense under chapter 49. 
See § 49.11.

            For this reason, the
case law in Texas is unanimous that a trial court does not err when it refuses
to give a jury charge on involuntary intoxication in a driving while
intoxicated case.  See Aliff v. State, 955 S.W.2d 891, 893 (Tex.App.El Paso 1997, no pet.), Nelson v. State,
149 S.W.3d 206, 211 (Tex.App.Fort Worth 2004, no
pet.)  The State directs the court to a
subsequent case from the Fort Worth Court of Appeals that is factually very
similar to the case before us.  See
Brown v. State, 290 S.W.3d 247, 250 (Tex.App.Fort
Worth 2009, pet. refd) (appellant in that matter had
two drinks before taking Ambien and had no
recollection of any of the events that transpired until he was having his blood
drawn at the hospital).  The Fort Worth
court held that involuntary intoxication was not a defense to driving while
intoxicated for four reasons: 1) legislature had not seen fit to include a
culpable mental state in the offense; 2) the Texas Court of Criminal Appeals
has declined to include a culpable mental state in the offense; 3) that court
had previously followed the legislature and court of criminal appeals direction
in the Nelson case; 4) all other Texas courts that had considered the
question had come to the same conclusion. 
Id.  We agree with our
sister courts and find the trial court did not err when it denied appellants
request for a jury charge on the issue of involuntary intoxication.

            Because we find no error
in the trial courts action, we do not need to address a conditional issue
appealed by the State regarding the trial courts granting of an instruction on
voluntariness.

Conclusion

 

 

            Having
found no error, we affirm the judgment of the trial court.

 

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 

Do not publish.  

 

 

 











[1] See Tex.
Penal Code Ann. § 49.04
(Vernon 2003).





[2] Further reference to the Texas Penal Code Annotated
will be by reference to § ___ or section ___.