NO. 07-05-0448-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 31, 2006

_____

GRAY COUNTY, APPELLANT

V.

DEBRA KAY SHOUSE AS NATURAL MOTHER, GUARDIAN
AND NEXT FRIEND OF JESSI LYNN NOBLE, A MINOR, APPELLEE

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 32,158; HONORABLE LEE W. WATERS, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

_____**OPINION**

Appellant, Gray County, seeks an interlocutory appeal of the denial of its motion for summary judgment based on the affirmative defense of official immunity.[1] We affirm the trial court.

---

[1] Interlocutory appeal from the denial of Gray County's motion for summary judgment is allowed by TEX. CIV. PRAC. & REM. CODE ANN. § 51.04(a)(5) (Vernon 1997). See City of Beverly Hills v. Guevara, 904 S.W.2d 655, 656 (Tex. 1995); Greenwell v. Davis, 180 S.W.3d 287 294 (Tex.App.–Texarkana 2005, pet. filed).

Background

Officer Wallis of the Gray County Sheriff's Department was dispatched to investigate a report of persons pointing a gun at passing motorists on Interstate 40. En route to the location, Officer Wallis was involved in an accident with a vehicle driven by Debra Kay Shouse. Shouse brought suit against Gray County under the doctrine of respondeat superior asserting that Wallis, a county employee, was negligent. In response, Gray County filed a motion for summary judgment asserting the defense of official immunity. The trial court denied appellant's motion for summary judgment.

Gray County seeks interlocutory appeal of the denial of its motion for summary judgment contending that, as a matter of law, Shouse's claims are barred by Wallis's official immunity; consequently, Gray County contends that, as Wallis's employer, it retains governmental immunity and thus is entitled to summary judgment.

Standard of Review and Applicable Law

A governmental unit retains immunity when the basis of liability is respondeat superior and the acts of the employee are covered by official immunity. DeWitt v. Harris County, 904 S.W.2d 650, 654 (Tex. 1995). A governmental employee is entitled to official immunity: (1) for the performance of discretionary duties; (2) within the scope of the employee's authority; and (3) provided the employee acts in good faith. Univ. of Houston v. Clark, 38 S.W.3d 578, 580 (Tex. 2000).[2] Because official immunity is an affirmative

---

[2] At trial, Shouse conceded that Wallis was in the course and scope of his employment.

2

defense, to obtain summary judgment on official immunity the governmental employee must conclusively prove each element of the defense. Id. To obtain summary judgment on good faith in a pursuit case, a police officer must prove that a reasonably prudent officer, under the same or similar circumstances, could have believed that the need to immediately apprehend the suspect outweighed a clear risk of harm to the public. See id. at 581. The need and risk factors apply to good faith determinations in police pursuits as well as emergency responses. Id. at 582. Whether an emergency response or police pursuit, both situations involve rapidly changing circumstances which require a police officer to continually assess the need and risk factors. See id. at 582-83. Depending on the circumstances, an officer may not be able to thoroughly analyze each need or risk factor, and this fact alone should not prevent an officer from establishing good faith. Id. at 583. When the material facts underlying a claim of good faith are in dispute, an officer must base his need-risk assessment on the facts by viewing them in the light most favorable to the nonmovant. Harris County v. Smyly, 130 S.W.3d 330, 334 (Tex.App.–Houston [14th Dist.] 2004, no pet.). Additionally, the officer must address all evidence in the record that is material to the good faith determination. Id. When the material facts underlying an officer's claim of good faith are in dispute, a material fact issue is created and summary judgment is improper. Id.

Analysis

Gray County contends that the accident was caused by Shouse's failure to yield the right of way at an intersection. According to Gray County, Wallis was responding to an emergency call, traveling west on Interstate 40, when he came to the intersection of I-40

and Highway 273. As Wallis approached the intersection, Shouse entered the intersection causing Wallis to take corrective action. Gray County contends that Wallis was traveling at or near the speed limit, saw Shouse's vehicle stopped at the intersection before she entered the interstate ahead of him, and took appropriate corrective measures in an attempt to avoid the accident.

In Wallis's affidavit, Wallis detailed his assessment of the needs and risks that were confronted in responding to a call of persons pointing a gun at vehicles traveling on I-40. Wallis states that he made the decision to respond to the call to reduce the risk of harm to other officers and the public in general. However, Wallis also indicates that the need was not so great as to require the use of emergency sirens or lights, nor did it require him to travel above the speed limit of 50 miles per hour. Wallis's affidavit further states that he assessed the risks of responding by considering the time of day, the day of the week, the weather conditions, and the amount of traffic on the interstate in determining his response. In his opinion, Wallis felt that traveling along an interstate route on a Sunday afternoon on a clear day with light traffic posed a minimal risk compared to the need to proceed quickly to the emergency call. Finally, Wallis states his belief that a reasonably prudent peace officer faced with the same or similar circumstances would have acted in the same manner. Additionally, Texas Department of Public Safety Trooper Lynn Holland, Jr., provides an affidavit based on his reconstruction of the accident concluding that Wallis took the appropriate route, was traveling near the speed limit, and took appropriate evasive action in attempting to avoid an accident.

4

In contrast, Shouse contends that Wallis was speeding at approximately 66 miles per hour in a 50 miles per hour zone and was unable to properly observe the intersection because of the curvature of the road and the sunlight shining into Wallis's eyes. To support her contentions, Shouse presents an affidavit from an accident reconstructionist, an affidavit from a meteorologist calculating the position of the sun at the time of the accident, and photographs showing the curvature of the road.

Since the material fact of Wallis's speed as he approached the intersection is in dispute, Wallis must base his need-risk assessment on the facts viewed in the light most favorable to the nonmovant, specifically that he was traveling at 66 miles per hour. See Smyly, 130 S.W.3d at 334. Additionally, Wallis's affidavit discussing the needs-risk assessment for determining his good faith does not address either the curvature of the road nor the effect of the sunshine upon Wallis's vision. See id. (an officer must address all evidence in the record that is material to the good faith determination). Since several material facts underlying Wallis's claim of good faith are in dispute, a material fact issue is created and summary judgment would have been improper. See id. Therefore, the trial court did not err in denying Gray County's motion for summary judgment. Our determination that Gray County did not prove the good faith element of its defense as a matter of law pretermits any discussion as to whether Wallis's actions were discretionary or ministerial. See TEX. R. APP. P. 47.1; Univ. of Houston, 38 S.W.3d at 580.

Conclusion

For the foregoing reasons, we affirm.

Mackey K. Hancock
Justice

5