**Reversed and Remanded and Memorandum Opinion filed July 3, 2014.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-13-00533-CV

## PAULA COLLINS, Appellant

### V.

## CITY OF HOUSTON, TEXAS, Appellee

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-60628**

## M E M O R A N D U M   O P I N I O N

Paula Collins appeals the trial court's order granting a plea to the jurisdiction and dismissing her personal injury suit against the City of Houston. In six issues on appeal, Collins contends that the trial court erred in dismissing her case because the City cannot invoke a viable basis for immunity. We reverse and remand.

### BACKGROUND

Officers James Brown and Christopher McCain of the Houston Police Department were parked in separate patrol units on June 26, 2009, in a church

parking lot off of Tidwell Road near U.S. Highway 59. Officers Brown and McCain received a radio broadcast from Officer Forniss stating:

> I have a male on a motorcycle, reckless driving. He's standing up on the thing at a high rate of speed.
>
> He's gunning it. He's taking off right now. We're getting ready to come up to Little York. He's in the fast lane.

The dispatcher responded to Officer Forniss's message by broadcasting a radio message stating:

> Any 17-40 B units close to the freeway can check by 59 approaching Little York? Male on a motorcycle.

Officer Forniss elaborated:

> Going southbound. He's still in the fast lane. We just crossed over, we're coming up to Little York. He's at Little York. He's still southbound. Fast lane.

Because Officer Brown was only 1.5 miles from the entrance to U.S. Highway 59, he decided to respond.

Officer Brown responded by heading westbound on Tidwell Road towards U.S. Highway 59 at high speed. While en route, Officer Brown saw Collins's vehicle exit a parking lot and turn right onto Tidwell Road heading westbound. As Office Brown approached, Collins switched from the right westbound lane to the left westbound lane. Collins then switched lanes again and moved in front of Officer Brown, who attempted to move to the left lane to pass Collins. Officer Brown collided with Collins when she moved back into the left lane again and abruptly stopped. The City suspended Officer Brown for three days in connection with the accident.

Collins sued the City claiming that Officer Brown's reckless operation of an emergency vehicle caused the accident. The City filed a plea to the jurisdiction in

which it asserted that it is entitled to governmental immunity under the Texas Tort Claims Act. The trial court granted the City's plea to the jurisdiction, and this appeal followed.

ANALYSIS

In six issues on appeal, Collins asserts that (1) genuine issues of material fact exist regarding whether Officer Brown was responding to an emergency; (2) there are genuine issues of material fact regarding whether Officer Brown complied with the requirements of Houston Police Department General Order 600-1 regarding a "Code 2" run; (3) there are genuine issues of material fact regarding whether Officer Brown is liable for his failure to control speed; (4) there are genuine issues of material fact regarding whether Officer Brown was engaged in a high-speed pursuit of a suspect fleeing arrest; (5) The City's expert witness affidavits are no evidence; and (6) Sergeant Hampton is disqualified from serving as an expert witness because he refused to disclose the facts or data underlying his opinion during his deposition. Collins argues that the City is not entitled to governmental immunity because its employee, Officer Brown, did not act in good faith and was not performing a discretionary duty. Collins further contends that the emergency exception does not apply.

## I.      Standard of Review

A plea to the jurisdiction is a dilatory plea used "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If a governmental unit has immunity from a pending claim, a trial court lacks subject matter jurisdiction as to that claim. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex.

3

2012). Because the existence of subject matter jurisdiction is a question of law, we review the trial court's denial of the City's plea to the jurisdiction *de novo*. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).

When a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff has alleged facts affirmatively demonstrating the court's jurisdiction. *Miranda*, 133 S.W.3d at 226 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993)). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id*. If the pleadings do not contain sufficient facts to affirmatively demonstrate jurisdiction but do not reveal incurable defects, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id*. at 227.

Where the governmental unit challenges the existence of jurisdictional facts, and the parties submit evidence relevant to the jurisdictional challenge, we consider that evidence when necessary to resolve the jurisdictional issues raised. *Id*. at 227. The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Id.* at 228.

When reviewing a plea in which the pleading requirement has been met, we credit as true all evidence favoring the nonmovant and draw all reasonable inferences and resolve any doubts in the nonmovant's favor. *Id*. The movant must assert the absence of subject matter jurisdiction and present conclusive proof that the trial court lacks subject matter jurisdiction. *Id*. Proof is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). If the movant discharges this burden, then the

nonmovant must present evidence sufficient to raise a material issue of fact regarding jurisdiction, or the plea will be sustained. *Miranda*, 133 S.W.3d at 228.

## II. Texas Tort Claims Act

Governmental immunity protects "the State and its political subdivisions from lawsuits and liability for money damages." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). The state and its governmental units are immune from suit absent legislative consent. *See, e.g., Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638-39 (Tex. 1999).

Consent to suit "may be alleged either by reference to a statute or to express legislative permission." *Miranda*, 133 S.W.3d at 230. "We interpret statutory waivers of immunity narrowly, as the Legislature's intent to waive immunity must be clear and unambiguous." *Garcia*, 253 S.W.3d at 655 (citing Tex. Gov't Code Ann. § 311.034 (Vernon 2013)).

The Texas Tort Claims Act, codified in chapter 101 of the Texas Civil Practice & Remedies Code, governs waiver of immunity for tort suits against governmental entities. *See Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 378 (Tex. 2006). This statute does not create a cause of action; instead, it waives immunity for a cause of action that otherwise exists. *See Robinson v. Univ. of Tex. Med. Branch at Galveston*, 171 S.W.3d 365, 370 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Section 101.021 of the Texas Tort Claims Act states:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

    (A) the property damage, personal injury, or death arises from

the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2011). The City is a governmental unit under the statute. *See* Tex. Civ. Prac. & Rem Code Ann. § 101.001(3)(B) (Vernon Supp. 2013).

This appeal focuses on two exceptions to the legislative consent manifested by the Texas Tort Claims Act.

The first exception concerns official immunity. "To the extent an employee has individual immunity from a tort claim for damages, it is not affected by this chapter." *Id*. § 101.026 (Vernon 2011). Police officers are entitled to official immunity for the performance of discretionary duties that are within the scope of the officer's authority and undertaken in good faith. *See, e.g., Telthorster v. Tennell*, 92 S.W.3d 457, 461 (Tex. 2002). An officer who is performing a discretionary function is protected by official immunity regardless of whether the officer acted negligently. *See Harless v. Niles*, 100 S.W.3d 390, 396 (Tex. App.— San Antonio 2002, no pet.). And if a governmental employee has no liability because of official immunity, then the employing governmental entity is not liable under section 101.021 for that employee's negligence. *DeWitt v. Harris Cnty.*, 904 S.W.2d 650, 653-54 (Tex. 1995).

The second exception concerns emergencies, which is addressed in section 101.055(2):

This chapter does not apply to a claim arising . . . from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such law or ordinance, if the action is not taken with conscious indifference

or reckless disregard for the safety of others . . . .

Tex. Civ. Prac. & Rem. Code Ann. § 101.055 (Vernon 2011).

The City asserted in its plea to the jurisdiction that it is immune from suit because Officer Brown was (1) protected by official immunity as he performed a discretionary duty in good faith and within the course and scope of his employment; and (2) responding to an emergency call.

## A.    Official Immunity

The parties join issue on whether Officer Brown's alleged injury-producing conduct was discretionary or ministerial, and whether Officer Brown acted in good faith.  It is undisputed that Officer Brown was acting within the course and scope of his employment.

### 1.    Discretionary versus ministerial duties

An action is discretionary if it involves personal deliberation, decision, and judgment; an action that requires obedience to orders or the performance of a duty as to which the employee has no choice is ministerial.  *Ramos v. Tex. Dep't of Pub. Safety*, 35 S.W.3d 723, 727 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994)).  The distinction between ministerial and discretionary acts is often one of degree because any official act that is ministerial still requires the employee to use some discretion in its performance.  *Id*. (citing *Chambers*, 883 S.W.2d at 654).

In determining whether an act is discretionary, the inquiry focuses on whether an employee was performing a discretionary function — not on whether the employee had the discretion to do an allegedly wrongful act while discharging that function, or whether the job description at issue includes discretionary duties. *Id*. (citing *Chambers*, 883 S.W.2d. at 653).

A police officer's operation of a vehicle is discretionary in some situations. These include high-speed chases; investigations; traffic stops; and an officer's decision to violate traffic laws to respond quickly to an officer's call for assistance. *See City of Houston v. Flaniken*, 108 S.W.3d 555, 557 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (operation of an ambulance in response to emergency situation was a discretionary act); *Harless*, 100 S.W.3d at 397 (officer's decision to violate traffic laws in order to quickly reach scene of suspected criminal activity and assist another officer there was discretionary act). Absent special circumstances, an officer performs a ministerial act by driving a motor vehicle on official, nonemergency business. *See City of Houston v. Jenkins*, 363 S.W.3d 808, 817 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

Collins suggests that an officer's operation of a vehicle never can be discretionary if there is no emergency. We reject this contention because case law teaches that an officer may perform a discretionary act while driving even in circumstances that do not rise to the level of an emergency. *See Ramos*, 35 S.W.3d at 727-29 (officer performed a discretionary act by conducting a driving test because he exercised judgment regarding how and when to conduct the test).

Here, Officer Brown was responding to a radio broadcast requesting assistance to apprehend a reckless motorcyclist. He was not required to respond. Officer Brown nevertheless decided to do so because he believed he was close to the destination the motorcyclist would be heading. This evidence demonstrates that Officer Brown's actions involved personal deliberation, decision, and judgment. We therefore conclude that Officer Brown was performing a discretionary function at the time of the accident. *See Ramos*, 35 S.W.3d at 727.

### 2. Good faith

Collins argues in her second, third, fourth, and fifth issues that the City is not

entitled to immunity because Officer Brown did not act in good faith. In Collins's second, third, and fourth issues, she emphasizes that the Houston Police Department temporarily suspended Officer Brown because he violated the Houston Police Department General Orders by speeding without turning on his siren.

Evidence that Officer Brown operated his police car in violation of the General Orders may be a factor in determining negligence; however, evidence of negligence alone is insufficient to controvert competent evidence of good faith. *See City of Dallas v. Brooks,* 349 S.W.3d 219, 231 (Tex. App.—Dallas, 2011, no pet.). Thus, we reject this argument.

The City cites the affidavits and deposition testimony of expert witnesses Officer Brown, Sergeant Curtis Hampton, and Officer McCain to support its assertion that Officer Brown acted in good faith. Collins asserts that this evidence amounts to no evidence. We construe this as an argument that the City failed to meet its threshold evidentiary burden to demonstrate that Officer Brown acted in good faith. *Miranda*, 133 S.W.3d at 228.

To determine whether a public official has acted in good faith, we look to the objective standard adopted in *City of Lancaster v. Chambers*, 883 S.W.2d 650, 656 (Tex. 1994). The good faith standard is subject to a balancing test that weighs the need for the officer's actions versus the risks entailed by such conduct. *See Wadewitz v. Montgomery*, 951 S.W.2d 464, 466-67 (Tex. 1997).

In the context of a police-pursuit case, an officer acts in good faith if "a reasonably prudent officer, under the same or similar circumstances, could have believed that the need to immediately apprehend the suspect outweighed a clear risk of harm to the public in continuing the pursuit." *Chambers*, 883 S.W.2d at 656; *City of Pasadena v. Belle*, 297 S.W.3d 525, 531 (Tex. App.—Houston [14th Dist.] 2009, no pet.). The need and risk factors also apply to good faith

9

determinations in emergency responses. *Univ. of Houston v. Clark*, 38 S.W.3d 578, 582 (Tex. 2000). In making this determination, "consideration of subjective evidence of the good faith element of official immunity is inappropriate." *See Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d at 417, 419 (Tex. 2004).

An expert witness's conclusory statement that a reasonable officer could or could not have taken some action will not establish good faith. *See Harris Cnty. v. Smyly*, 130 S.W.3d 330, 336 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Instead, expert testimony on good faith must address what a reasonable officer could have believed under the circumstances and must be substantiated with reference to each aspect of the *Chambers* balancing test. *See Chambers*, 883 S.W.2d at 656–57. An officer is not required to use particular words in assessing risk, but an officer is required to assess the specific circumstances present that affect any risks. *See Smyly*, 130 S.W.3d at 335.

Officer Brown stated in his affidavit that "[he] received a call for assistance from another [Houston Police Department] Officer, Officer Forniss. The call indicated that a suspect had evaded the Officer's attempted stop and had fled in a fast-moving vehicle on Highway 59." Sergeant Hampton stated in his affidavit that "Officer Brown received an emergency request for assistance from Officer L. Forniss, another [Houston Police Department] Officer in the Northeast Patrol Unit, informing other units that a suspect had evaded a traffic stop and was fleeing down Highway 59." Officer McCain stated in his affidavit that "[w]e both heard calls for assistance from another officer, informing us that officer's attempted stop was evaded and that the suspect had fled down Interstate 59."

The City's affidavits analyze Officer Brown's response based on the assumption that the motorcyclist evaded a traffic stop and fled from police. The radio transcript excerpts proffered into evidence do not state that the motorcyclist

10

evaded arrest or was fleeing from police; they also do not state that an emergency situation existed.  Instead, the radio transcripts reveal that the dispatcher requested assistance to apprehend a motorcyclist who was driving recklessly.

To establish good faith under these circumstances, the City was required to demonstrate that a reasonably prudent officer could conclude that the need to respond to a speeding motorcyclist driving recklessly outweighed the risk to the public caused by the officer's action in exceeding the speed limit while responding.[1]  We do not exclude the possibility that the City could do so; however, on this record, the City did not address such a balance of risks.  Instead, the City's proffered evidence focuses on a materially different balance of risks involving whether a reasonably prudent officer could conclude that the need to respond to a motorcyclist who evaded a traffic stop and fled from police outweighed the risk of speeding while responding.

Because it relies on assumptions that are not supported by the record, the expert opinions proffered by the City do not address whether Officer Brown's decision to exceed the speed limit was justified based on the call for assistance he received under the specific circumstances in which he received it.  On this record, therefore, the City failed to establish that Officer Brown acted in good faith in a circumstance that did not involve the driver of a motor vehicle fleeing arrest.

Because the City failed to establish its entitlement to governmental immunity on this record based on the specific circumstances surrounding Officer

---

[1] The City argues that the absence of the words "suspect" and "fleeing arrest" in the radio transmissions is not conclusive evidence that the motorcyclist was not fleeing arrest.  In his deposition, Officer McClain testified that not all communications between dispatch and patrol units occur over the radio.  He further testified that the police also communicated information over a computer system.  However, Officer Brown stated in his affidavit that "[t]he call indicated that a suspect had evaded the Officer's attempted stop and had fled in a fast-moving vehicle on Highway 59."  He does not assert that the computer system communications related this information.

Brown's decision to respond as he did, the trial court erred to the extent it granted the City's plea to the jurisdiction based on the officer's official immunity.

## B.      Emergency Exception

In Collins's first issue, she argues that "there are genuine issues of material fact regarding whether Officer Brown was responding to an 'emergency' because there was a 'pursuit' in progress by another [Houston Police Department] officer who was '. . . engaged in a high-speed pursuit with a suspect who was fleeing arrest.'"      In Collins's fourth issue, she asserts that the Houston Police Department's three-day suspension of Officer Brown directly contradicts the City's claim that Officer Brown was pursuing a suspect who evaded arrest.  We construe these issues as an argument that the trial court erred by granting the City's plea to the jurisdiction because there are disputed fact issues as to whether Officer Brown's actions were in compliance with the laws and ordinances applicable to the situation, and whether Officer Brown was responding to an emergency call.

To raise a fact issue regarding the emergency exception, Collins had to present evidence of one of the following circumstances: (1) Officer Brown was not responding to an emergency call or reacting to an emergency situation; (2) Officer Brown's actions were not in compliance with the laws and ordinances applicable to the emergency action; or (3) Officer Brown's actions demonstrated that he was indifferent to the safety of others. *Tex. Dep't of Pub. Safety v. Little*, 259 S.W.3d 236, 238-39 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  Collins does not assert that Officer Brown was indifferent to the safety of others.  Thus, the inquiry here focuses on whether Collins presented some evidence that Officer Brown was not responding to an emergency call or reacting to an emergency situation, or that Officer Brown's actions were not in compliance with the laws and ordinances applicable to an emergency action. *See id*.

12

Collins argues that Officer Brown was not responding to an emergency call and points to evidence discussed above tending to show that he was not responding to a call involving flight from an attempted arrest. The City responds by pointing to *Little*, 259 S.W.3d at 239.

In *Little*, an officer responded to a dispatch call requesting assistance with a wanted person. *Id*. at 237. The officer testified without contradiction that law enforcement officers consider such requests to be an emergency. *Id*.; *see also Quested v. City of Houston*, 14-13-00516-CV, 2014 WL 2615921, at *6 (Tex. App.—Houston [14th Dist.] June 12, 2014, no. pet. h.) (officer driving his personal vehicle to respond to a hostage stand-off situation was responding to an emergency call). Here, the City did not offer evidence that a request for assistance to detain a speeding motorcyclist is an emergency. Instead, the City presented evidence that law enforcement considers it to be an emergency when there is a call requesting assistance in apprehending a motorcyclist who has evaded arrest and is fleeing from police.

The City also cites *Texas Department of Public Safety v. Sparks*, 347 S.W.3d 834 (Tex. App.—Corpus Christi 2011, no pet.), to support the contention that Officer Brown responded to an emergency call. In *Sparks*, the plaintiff was injured while police were chasing another motorist who was speeding and driving recklessly. *Id.* at 836. The court concluded that the emergency exception applied because the officer did not act with conscious indifference or reckless disregard for the safety of the public. *Id.* at 843-44.

*Sparks* is distinguishable because the plaintiff did not dispute that the officer was responding to an emergency situation. *Id.* at 837. Here, Collins presented evidence tending to show that the call Officer Brown received was not an emergency. Collins demonstrated that the dispatcher did not designate the call as

an emergency. Collins also presented evidence that Officer Brown did not have his siren on when the accident occurred.[2] Further, the evidence that the City produced to demonstrate that the situation was an emergency did not describe the situation that occurred. Officer Brown, Officer McCain, and Sergeant Hampton stated that the situation was an emergency because the motorcyclist evaded arrest and fled from police. The City failed to present evidence that law enforcement considers the pursuit of a reckless motorcyclist to be an emergency in circumstances that do not involve evading arrest and fleeing from police.

Viewing this evidence in the light most favorable to Collins, she has raised a fact question as to whether Officer Brown was responding to an emergency call. Thus, the trial court erred to the extent it granted the City's plea to the jurisdiction based on the emergency exception.[3]

## CONCLUSION

The City failed to establish the applicability of official immunity. A fact issue exists as to whether Officer Brown was responding to an emergency call. Therefore, we reverse the trial court's order granting the plea to the jurisdiction and remand this case for proceedings consistent with this opinion.


/s/    William J. Boyce
Justice


Panel consists of Justices Boyce, Christopher, and Brown.

---

[2] Although Officer Brown, Officer McCain, and Sergeant Clark stated that Officer Brown's siren was activated at the time of the accident, Collins and two eye witnesses stated that his siren was not activated.

[3] In light of this conclusion, we need not address whether violation of a General Order demonstrates a failure to comply with applicable laws and ordinances. We also do not address Collins's sixth issue.